IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY A. QUEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-09-883-HE |
| v. | ) | |
| | ) | |
| UNITED STATES BUREAU OF PRISONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff is a former federal pretrial detainee who has filed this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In his Complaint filed August 13, 2009, Plaintiff names as Defendants the United States Bureau of Prisons ("BOP") and the United States Marshals Service ("USMS").[1] For the following reasons, it is recommended that the cause of action be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

---

[1] Despite having paid the full filing fee in this action, Plaintiff has not attempted to serve the Defendants with process or sought an extension of time to do so.

1

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

II. Complaint

In his Complaint, Plaintiff alleges that he was detained at the Federal Transfer Center in Oklahoma City, Oklahoma, between August 18, 2008 and September 19, 2008. Plaintiff alleges that "US Marshals moved me to a federal holding facility rather than immediate

2

extradition to Wisconsin." Plaintiff further alleges that during this one-month period "US Bureau of Prisons denied rights of access to attorney, courts [and] law library." As relief, Plaintiff requests damages of "$1000 per day of detention at FTC Oklahoma City for a total of $35,000."

Plaintiff has attached to the Complaint a photocopied Inmate Request to Staff form directed to "Education" and dated August 19, 2008, in which Plaintiff requests "to use the law library," view "a criminal code book" and "see a law dictionary" in "preparation of defense." A response from staff member Henrickson dated August 21, 2009, appears on the form. In this response, Plaintiff is advised that "[a]ccess to the law library is conducted via cop-out. Specifically requested materials are provided in the unit." Plaintiff has attached other copies of Inmate Request to Staff forms requesting various legal materials. Plaintiff has also attached to the Complaint a photocopied letter apparently authored by Plaintiff and addressed to "Mr. Henderson." Plaintiff states in this letter dated August 29, 2008, that it regards a criminal case identified as "Case # 08-M-0245." In the letter Plaintiff requests that "Mr. Henderson" assist Plaintiff in order to "better aquant [sic] myself with what I am facing so as to make educated desicions [sic] that affect my life from here on."

III. <u>Failure to State a Claim under Section 1983 or Bivens</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Amer. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999). Although the Complaint seeks monetary relief from Defendants

3

pursuant to 42 U.S.C. § 1983, Plaintiff has named only federal entities as Defendants. Consequently, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 against Defendants BOP and USMS. Moreover, the Court lacks subject matter jurisdiction over any claim brought by Plaintiff against Defendants BOP and USMS arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"). Defendants BOP and USMS enjoy sovereign immunity from such an action. FDIC v. Meyer, 510 U.S. 471, 475 (1994)("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

## RECOMMENDATION

In view of the foregoing findings, it is recommended that the cause of action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____January 19th_____, 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this ___28th___ day of ___December___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE