# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY A. QUEEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case. No. CIV-09-883-HE |
| UNITED STATES BUREAU OF PRISONS, et al., | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff, a former federal pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who issued a Report and Recommendation recommending the action be dismissed for failure to state a claim upon which relief can be granted. Because the plaintiff has objected to the Report and Recommendation, the matter is reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C).

Under § 1983, a plaintiff must allege a violation of constitutional rights committed under color of state law. *See* Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, however, the plaintiff has named only federal entities as defendants. Further, the court lacks subject matter jurisdiction over any claim brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), because federal agencies are not subject to liability in such actions. Fed. Deposit Insur. Co. v. Meyer, 510 U.S. 471 (1994).

For substantially the same reasons as stated by the Magistrate Judge, the court concludes that the plaintiff has failed to state a cognizable claim under § 1983 or <u>Bivens</u>. Accordingly, the court **ADOPTS** the Report and Recommendation and **DISMISSES** the plaintiff's action for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE